BAIRD *v.* WARWICK MACHINE Co. *et al.*

*(Circuit Court, S. D. New York.   November 23, 1889.)*

PRELIMINARY INJUNCTIONS—FRAUDULENT CONVEYANCES.
   A preliminary injunction will not be granted to restrain foreclosure of a chattel mortgage on property purchased by plaintiff, after the execution of the mortgage, at execution sale, on the ground that the mortgage is contrary to the statutes against fraudulent conveyances, where plaintiff was not a creditor, and the execution creditors are not made parties to the suit.

In Equity.   On motion for preliminary injunction.
*David Willcox*, for plaintiff.
*Henry Bacon*, for defendant.

WHEELER, J.   This is a motion for a preliminary injunction to restrain foreclosure of a chattel mortgage, made by the defendant corporation, of property since purchased by the plaintiff at a sale on execution against the corporation.   The mortgage is alleged to be void because made after refusal of payment of debts, because made to officers of the corporation, and because made in contemplation of insolvency, contrary to the statutes of the state. 2 Rev. St. N. Y. (7th Ed.) p. 1534, § 4; 3 Rev. St. N. Y. (8th Ed.) p. 1729, § 4.   These are statutes against fraudulent conveyances. The validity of the conveyances depends upon extrinsic facts; and they are good as between the parties to them, and all others except those sought to be defrauded.   The plaintiff was not a creditor, and not one sought to be defrauded, and had no right to defeat the mortgage until after he bought the property.   His right is vested in the particular property which he bought, and he has no right to have the mortgage set aside wholly.   The execution creditors who may have that right are not parties to the suit, either personally or by a representation of them all.   The case is not like *Clark* v. *Smith*, 13 Pet. 203, or *Chapman* v. *Brewer*, 114 U. S. 158, 5 Sup. Ct. Rep. 799, relied upon by the plaintiff.   In those cases the instruments creating the incumbrance could be set aside.   Here the plaintiff is seeking to settle a disputed right to specific personal property in this mode, in advance of a trial at law.   The propriety of this is too doubtful to warrant a preliminary injunction.   Motion denied.